UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS CEDILLO, on his own behalf, and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>KB'S BBQ SMOKEHOUSE, LLC, KYLE BENSON and BLAIR SMITH a/k/a BLAIR BENSON, individually,<br><br>Defendants. | Civil Action No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Named Plaintiff LUIS CEDILLO ("Cedillo or "Named Plaintiff") on behalf of himself and all others similarly situated, by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants KB'S BBQ SMOKEHOUSE, LLC, and all other affiliated entities and/or joint employers, JOHN DOE CORPORATIONS ("KB'S BBQ" or "Corporate Defendant"), KYLE BENSON, Individually, ("Kyle") and BLAIR SMITH a/k/a BLAIR BENSON, Individually ("Blair") ( collectively "Defendants") and alleges as follows:

## INTRODUCTION

1. Named Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

1

2. Named Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated – all kitchen workers-who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

3. Beginning in approximately March 2020, and continuing through approximately October 2021, Defendants engaged in a policy and practice of requiring Named Plaintiff and members of the putative collective to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable Federal and New Jersey state law.

4. The Named Plaintiff has initiated this action on behalf of himself and similarly situated employees to recover overtime compensation that Plaintiff and similarly situated employees were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Named Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Named Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Named Plaintiff performed non-exempt kitchen duties for the Defendants in New Jersey and based from Defendants' Irvington, New Jersey, location. Defendants are therefore within the jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, the Defendants were and remain enterprises engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage a Texas style barbeque restaurant in Irvington, New Jersey, location. Alternatively, Named Plaintiff and those similarly situated employees worked in interstate commerce, i.e., its employees handle goods or materials that have been moved or produced in interstate commerce. Thus, Named Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiff**

10. Named Plaintiff Cedillo is an adult individual who is a resident of Irvington, New Jersey.

11. Named Plaintiff Cedillo was employed by Defendants full-time in their Irvington, New Jersey, restaurant, initially as a dishwasher, and then a prep cook, and finally a cook, performing duties in furtherance of Defendants' from in or about March 2020, through in or about October 2021.

**Corporate Defendant**

12. KB's BBQ is a New Jersey limited liability company, with their restaurant, catering company, and event venue, located 1077 Stuyvesant Avenue in Irvington, New Jersey.

13. Upon information and belief, and at all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of the Defendants.

**Individual Defendants**

14. Upon information and belief, Individual Defendant Kyle Benson is a New Jersey state

resident.

15. Upon information and belief, at all times relevant to this Complaint, individual Defendant Kyle Benson has been an owner, partner, officer and/or manager of the Defendant KB's BBQ.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Kyle Benson has had power over personnel decisions at the Defendant KB BBQ's business.

17. Defendant Kyle Benson was regularly present at KB's BBQ, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

18. Upon information and belief, Individual Defendant Blair Smith a/k/a Blair Benson is a New Jersey state resident.

19. Upon information and belief, at all times relevant to this Complaint, individual Defendant Blair has been an owner, partner, officer and/or manager of the Defendant KB's BBQ.

20. Upon information and belief, at all times relevant to this Complaint, individual Defendant Blair has had power over personnel decisions at the Defendant KB BBQ's business.

21. Defendant Blair was regularly present at KB's BBQ, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

22. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

23. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**COLLECTIVE ALLEGATIONS**

24. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

25. This action is brought on behalf of Named Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendants.

26. The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

27. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all installers who work at the Defendants' three New Jersey locations.

28. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

29. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

**FACTS**

30. Based upon the information preliminarily available, and subject to discovery, beginning in March 2020, until October 2021, Defendants employed the Named Plaintiff and members of the putative class to perform tasks in furtherance of their restaurant,

5

catering company, and event venue.

31. Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Named Plaintiff and similarly situated employees, for their overtime hours worked in a work week.

32. Named Plaintiff Cedillo was initially paid $11 per hour and was ultimately raised to $16 per hour.

33. Named Plaintiff Cedillo routinely worked six (6) days per week.

34. Named Plaintiff was scheduled to work from 6 a.m. until 2 p.m. or 4 p.m., or from 2 p.m. until 9:45 p.m., routinely actually working anywhere from over forty (40) hours per week until over seventy (70) hours per week, or generally some number in between.

35. Named Plaintiff was not paid time and one half for his hours over forty (40) in a workweek.

36. Rather named Plaintiff was paid at his regular rate of pay for all hours worked in a workweek.

37. Upon information and belief, employees similarly situated to Named Plaintiff were not compensated at one-and-one-half times their regular rate of pay for hours worked over forty (40) in a work week; rather they too were paid at their regular rate of pay for all hours worked, regardless of the fact that they routinely worked in excess of forty (40) hours in a workweek.

38. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

39. At all times material hereto, Named Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

40. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§

201-209, as well as applicable provisions of the NJWHL, in that Named Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Named Plaintiff and other similarly situated employees compensation to which they were lawfully entitled at the overtime wage rate, for all of the hours worked in excess of forty(40) within a work week.

## COUNT I
### RECOVERY OF OVERTIME COMPENSATION PURSUANT TO THE FLSA

41. Named Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

42. Named Plaintiff is entitled to be paid at an overtime rate of pay for each of his overtime hours worked each work week.

43. All similarly situated employees of the Defendants are also owed their overtime rate for each and every overtime hour they worked and were not properly paid.

44. Defendants knowingly and willfully failed to pay Named Plaintiff and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked.

45. By reason of the said intentional, willful, and unlawful acts of Defendants, Named Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

46. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

47. As a result of Defendants' willful violations of the Act, Named Plaintiff and those similarly

situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

48. Named Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs above.

49. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq*., the Defendants willfully failed to pay the Named Plaintiff and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

50. Defendants' aforementioned conduct is in violation of the NJWHL.

51. As a direct and proximate cause of Defendants' actions, Named Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings, and attorneys' fees and costs.

52. As a result of Defendants' violations of the NJWHL, Named Plaintiff and those similarly situated employees are entitled to treble damages.

## JURY TRIAL

53. Named Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Named Plaintiff, individually and on behalf of all other similarly situated persons, seek the following relief:

(1) on their first cause of action, against Defendants in an amount to be determined at trial,

plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, , attorneys' fees and costs;

(2) on their second cause of action, against Defendants in an amount to be determined at trial, plus treble damages as permitted under the NJWHL as well as attorneys' fees and costs; and

(3) such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: January 21, 2022                    Respectfully submitted,

**JAFFE GLENN LAW GROUP, P.A.**

/s/ Andrew I. Glenn
Andrew I. Glenn
Email: Aglenn@jaffeglenn.com New
Jodi J. Jaffe, Esquire
E-mail: jjaffe@JaffeGlenn.com
300 Carnegie Center, Suite 150
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Named Plaintiff and the Putative Class*